IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 0 6 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

| | | |
|---|---|---|
| Chimei Innolux Corporation<br><br>        Plaintiff,<br><br>    vs.<br><br>Sony Corporation, Sony Corporation of<br>America, Sony Electronics Inc., FAN Sales<br>& Leasing, LLC dba Furniture and<br>Appliances Now, Jim's Radio and T.V.<br>Electronic Service Inc., Watts Electronics,<br>and A-1 TV & Computer Repair Shop<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _10-5122_<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chimei Innolux Corporation ("CMI") alleges as follows:

### INTRODUCTION

1.      CMI is an industry-leading designer, high volume manufacturer and supplier of liquid-crystal-display ("LCD") panels and related display device products.  CMI has invested tens of millions of dollars in the development of innovative technologies for the manufacture and construction of LCD panels and related products such as flat panel televisions, computer monitors, and other consumer electronics products and display devices.  That considerable investment is reflected in, and safeguarded by, a portfolio of United States patents held by CMI.

2.      Sony Corporation and its subsidiaries, together with a network of authorized distributors, repair centers, and resellers, are engaged in widespread infringement of CMI's patents through, *inter alia*, their unlicensed manufacture, repair, use, importation and sale of products including televisions, monitors and other display devices.  This action seeks redress for defendants' infringing activities.

## PARTIES

3.      CMI is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 160, Kesyue Rd. Jhunan Science Park, Miaoli County 350, Taiwan R.O.C.  CMI is a leading developer and manufacturer of innovative electronic components, specializing in the design and production of LCD panels and related products such as flat panel televisions, computer monitors, and other consumer electronics products and display devices.  CMI maintains a number of sales and support offices throughout the United States.

4.      Plaintiff is informed and believes that defendant Sony Corporation is a Japanese corporation, with its headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, and is doing business in this judicial District, in conjunction with its wholly-owned subsidiaries including those identified herein.

5.      Plaintiff is informed and believes that defendant Sony Corporation of America ("SCA") is a New York corporation, with its headquarters at 550 Madison Avenue, New York, NY 10022, and is a wholly-owned subsidiary of Sony Corporation conducting business within this judicial District.

6.      Plaintiff is informed and believes that defendant Sony Electronics, Inc. ("SEL") is a Delaware corporation, with its headquarters at 16530 Via Esprillo, San Diego, CA 92127, and is a wholly-owned subsidiary of Sony Corporation of America and/or of Sony Corporation conducting business within this judicial District.

7.      Sony Corporation in conjunction with its wholly-owned subsidiaries SCA and SEL (collectively "Sony") manufactures and sells flat panel televisions and other display devices in the United States, including within this District, and provides repair and refurbishment and warranty support for such products, including within this District. Sony's established distribution network includes national distributors and resellers, and Sony distributes to national and local retailers that have stores located in this District. By shipping into, offering to sell in, using, or selling products that infringe the patents-in-suit in this judicial District, or by inducing or causing those acts to occur, Sony has transacted and

continues to transact business and perform works and services in this judicial District, has contracted and contract to supply services and things in this judicial district, has caused and continues to cause injury and damages in this judicial District by acts and omissions in this judicial District, and has caused and continues to cause injury and damages in this judicial District by acts or omissions outside of this judicial District while deriving substantial revenue from services or things used or consumed within this judicial District, and will continue to do so unless enjoined by this Court.

8.    CMI is informed and believes that Sony maintains a network of authorized repair centers. Sony maintains a list of these repair centers on its official Web site to allow owners and users of products, including those residing in this district, to find local firms to perform repairs using Sony's approved methods and practices. These repair centers receive training and guidance from Sony in the repair of Sony products, including, but not limited to, the accused flat panel television products identified herein. For example, Sony generates training materials including television schematics, service manuals, and an informational website for use by Sony's authorized repair centers whose employees repair Sony flat panel televisions. Using marketing methods including at least Internet listings, Sony refers repair business to authorized repair centers in this District. These authorized repair centers include at least Jim's Radio and T.V. Electronic Service Inc., Watts Electronics, and A-1 TV & Computer Repair Shop (the "Authorized Repair Centers"). Through these and related actions, Sony held out and continues to hold out the Authorized Repair Centers as Sony's agents. In this capacity, the Authorized Repair Centers operate for Sony's benefit, under Sony's control, and are Sony's agents for the purpose of authorized repair of Sony televisions.

9.    Plaintiff is informed and believes that Jim's Radio and T.V. Electronic Service, Inc. ("JRTV"), is an Arkansas corporation with its headquarters in Springdale, Arkansas, doing business in the Western District of Arkansas. JRTV repairs electronic equipment, including but not limited to televisions that are alleged to infringe CMI's patents. JRTV is identified by Sony as an authorized repair center for televisions that are alleged to

infringe CMI's patents including, but not limited to, the televisions listed in this Complaint. In this capacity, JRTV operates for Sony's benefit, under Sony's control, and is Sony's agent for the purpose of authorized repair of Sony televisions.

10.     Plaintiff is informed and believes that Watts Electronics ("Watts") is a business with its headquarters in Fayetteville, Arkansas, doing business within the Western District of Arkansas. Watts repairs electronic equipment, including but not limited to, televisions. Watts is identified by Sony as an authorized repair center for televisions that are alleged to infringe CMI's patents, including, but not limited to, the televisions listed in this Complaint. In this capacity, Watts operates for Sony's benefit, under Sony's control, and is Sony's agent for the purpose of authorized repair of Sony televisions.

11.     Plaintiff is informed and believes that A-1 TV and Computer Repair Shop ("A-1") is a business with its headquarters in Bentonville, Arkansas, doing business within the Western District of Arkansas. A-1 repairs electronic equipment, including but not limited to televisions. A-1 is identified by Sony as an authorized repair center for televisions that are alleged to infringe CMI's patents, including, but not limited to, the infringing televisions listed in this Complaint. In this capacity, A-1 operates for Sony's benefit, under Sony's control, and is Sony's agent for the purpose of authorized repair of Sony televisions.

12.     Plaintiff is informed and believes that defendant FAN Sales and Leasing, LLC ("FAN"), dba Furniture and Appliances Now, is an Arkansas Limited Liability Company, with its headquarters in Springdale, Arkansas, doing business in the Western District of Arkansas. FAN sells, leases, and repairs electronic equipment, including, but not limited to, televisions that are alleged to infringe CMI's patents in this Complaint.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1338(a) and

1331 in that this is a civil action arising out of the patent laws of the United States of America.

      14.    This Court has personal jurisdiction over Sony Corporation, Sony Corporation of America, Sony Electronics Inc., FAN Sales & Leasing, LLC, Jim's Radio and T.V. Electronic Service Inc., Watts Electronics, and A-1 TV & Computer Repair Shop (collectively, "defendants") because, among other reasons, defendants have done business in the this District, have committed and continue to commit acts of patent infringement in this District, and have harmed and continue to harm CMI in this District. Further, CMI is informed and believes, and thereon alleges, that Sony has placed infringing devices into the stream of commerce by shipping those products into this judicial District or knowing that the devices would be shipped into this judicial District.

      15.    Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)–(d) because, among other reasons, all of the defendants are subject to personal jurisdiction in this District, have committed acts of infringement in this District, and are subject to suit in this District.

## FIRST CLAIM FOR RELIEF

### (Infringement of United States Patent No. 5,495,265)

      CMI incorporates by reference paragraphs 1 through 15 as if set forth here in full.

      16.    United States Patent No. 5,495,265 (the "'265 patent"), entitled "Fast Response Electro-optic Display Device," was duly and legally issued on February 27, 1996 in the name of inventors Robert A. Hartman and Alan G. Knapp. CMI is the owner of all right, title, and interest in and to the '265 patent, including the right to recover for past, present and future infringements and violations thereof. A copy of the '265 patent is attached as Exhibit A.

      17.    CMI is informed and believes, and based thereon alleges, that in violation of 35 U.S.C. § 271 defendants have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '265 patent by, among other things, making, using, offering to sell, selling, and/or importing into the United States, without authority or

license from CMI, products falling within the scope of one or more claims of the '265 patent, including flat panel liquid crystal display devices. This group of products includes as examples, and without limitation, Sony "Bravia" television models such as KDL-32EX400 and KDL-40EX600. As a further example, CMI is informed and believes, and based thereon alleges, that repair centers in this District and elsewhere, including but not limited to the Authorized Repair Centers, have been and are currently infringing the '265 patent by, among other things, using or making the foregoing products when performing repair or refurbishment services in a manner that falls within the scope of one or more claims of the '265 patent.

18. Unless enjoined, defendants will continue to infringe the '265 patent, and CMI will suffer irreparable injury as a direct and proximate result of defendants' conduct.

19. CMI has been damaged by defendants' conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,722,773)

CMI incorporates by reference paragraphs 1 through 19 as if set forth here in full.

20. United States Patent No. 6,722,773 (the "'773 patent"), entitled "Illuminating Device and Tube-like Lamp Thereof," was duly and legally issued on April 20, 2004 in the name of inventors Yi Te Tsai, Hung Ching Lee, Chou Yu Kang, and Han Ping Lin. CMI is the owner of all right, title, and interest in and to the '773 patent, including the right to recover for past, present and future infringements and violations thereof. A copy of the '773 patent is attached hereto as Exhibit B.

21. CMI is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271 defendants have been and are currently directly infringing, contributorily infringing, and/or inducing infringement of the '773 patent by, among other things, making, using, offering to sell, selling, and/or importing into the United States, without authority or license from CMI, products falling within the scope of one or more claims of the '773 patent including at least display devices using tube-like lamps, This group of products includes as

2255275                                    - 6 -

examples, and without limitation, Sony "Bravia" television models such as KDL-32EX400 and similar televisions and other products using tube-like lamps. As a further example, CMI is informed and believes, and based thereon alleges, that repair centers in this District and elsewhere, including but not limited to the Authorized Repair Centers, have been and are currently directly and/or indirectly infringing the '773 patent by, among other things, using or making the foregoing products when performing repair or refurbishment services in a manner that falls within the scope of one or more claims of the '773 patent.

22.     Unless enjoined, defendants will continue to infringe the '773 patent, and CMI will suffer irreparable injury as a direct and proximate result of defendants' conduct. CMI has been damaged by defendants' conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,619,352)

CMI incorporates by reference paragraphs 1 through 22 as if set forth here in full.

23.     United States Patent No. 5,619,352 (the "'352 patent"), entitled "LCD Splay/Twist Compensator Having Varying Tilt and/or Azimuthal Angles for Improved Gray Scale Performance," was duly and legally issued on April 8, 1997 in the name of inventors Gene C. Koch, Bruce K. Winker, and William J. Gunning. CMI is the owner of the right, title, and interest in and to the '352 patent, including the right to recover for past, present and future infringements and violations thereof. A copy of the '352 patent is attached as Exhibit C.

24.     CMI is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271 Sony has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '352 patent by, among other things, making, using, offering to sell, selling, and/or importing into the United States, without authority or license from CMI, products falling within the scope of one or more claims of the '352 patent including at least digital display devices using an optical compensator. This group of products includes as examples, and without limitation, digital photo frames such as the DPF-

2255275                                   - 7 -

X1000 model digital photo frame and digital cameras such as the DSC-WX1 digital camera, and other similar products.

     25.    Unless enjoined, Sony will continue to infringe the '352 patent, and CMI will suffer irreparable injury as a direct and proximate result of Sony's conduct.

     26.    CMI has been damaged by Sony's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, CMI prays for relief as follows:

     1.    For a judicial determination that the '265 patent, the '773 patent, and the '352 patent are valid and enforceable;

     2.    For a judicial determination that the defendants have directly infringed the '265 patent and the '773 patent, and that Sony has infringed the '352 patent;

     3.    For a judicial determination that the defendants have induced the infringement of the '265 patent and the '773 patent, and that Sony has induced the infringement of the '352 patent;

     4.    For a judicial determination that the defendants have contributorily infringed the '265 patent and the '773 patent, and that Sony has contributorily infringed the '352 patent;

     5.    For an order enjoining the respective defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of '265 patent, the '773 patent, and the '352 patent;

     6.    For damages resulting from infringement of '265 patent, the '773 patent, and the '352 patent by the respective defendants in an amount to be determined at trial, including an accounting for determination of an appropriate amount of damages;

     7.    For a determination that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of enhanced damages as well as attorneys' fees and costs;

8.     For an award of supplemental damages and interest on all damages; and

9.     For an award of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CMI hereby demands trial by jury on all issues so triable.

Respectfully submitted,

By: _____
Nicholas H. Patton

Nicholas H. Patton
PATTON, TIDWELL & SCHROEDER, L.L.P.
P.O. Box 5398
Texarkana, TX 75505-5398
Telephone:   (903) 792-7080
Facsimile:   (903) 792-8233

Of Counsel:
Morgan Chu
Jonathan Kagan
Christopher Vanderlaan
Benjamin Yorks
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

ATTORNEYS FOR PLAINTIFF
Chimei Innolux Corporation

Dated: July 6, 2010